UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE VICTOR LEMUS PAZOS (A-Number: 221-489-574),

Petitioner,

v.

WARDEN, California City Detention Center, et al.,

Respondents.

No.  1:26-cv-02023-KES-HBK (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Doc. 2

Before the Court is petitioner Jose Victor Lemus Pazos's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.  Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.*  While respondents oppose the motion, they state that "[t]his case does not appear to be materially

1

distinguishable from the cases cited in the Court's minute order."[1] *See* Doc. 7 at 2.[2] They also do not object to converting the motion and waive oral argument. *See id.*

As respondents have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

The Court ORDERS that respondents release petitioner Jose Victor Lemus Pazos (A-Number: 221-489-574) immediately.[3] If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond

---

[1] Three courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)); *Herrera Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* and *Herrera Avila* decisions. Doc. 7. The Court finds the analysis in *Castañon-Nava* and in the dissents in *Buenrostro-Mendez* and *Herrera Avila* to be more persuasive on the statutory interpretation issue.

[2] Respondents also request, in the alternative, that this case be held in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 7 at 2. Given the nature of the relief sought by petitioner, the court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

[3] Petitioner requests immediate release or, in the alternative, a bond hearing, *see* Doc. 2 at 1, while respondents argue that the appropriate remedy should be a post-deprivation § 1226(a) bond hearing, *see* Doc. 7 at 3. Respondents have taken the position that petitioner is subject to mandatory detention under § 1225(b) and have not attempted to justify petitioner's detention under § 1226(a). *See id.* The Court declines to *sua sponte* construe petitioner's detention as one arising under § 1226(a). *See Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026). The appropriate remedy is petitioner's immediate release.

hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   April 2, 2026                   _____
                                         UNITED STATES DISTRICT JUDGE