UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE VICTOR LEMUS PAZOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-02023-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]

(Doc. 1)

FOURTEEN (14) DAY OBJECTION PERIOD

On March 13, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He challenges his detention by U.S. Immigration Customs and Enforcement (ICE) without a bond hearing as a violation of his Fifth Amendment due process rights. (Doc. 1 at 2). He seeks, *inter alia,* a writ of habeas corpus requiring his release from custody. (*Id*. at 3).

The same day, Petitioner filed a "motion for immediate release or, in the alternative, for a bond hearing," which the district judge construed as a motion for temporary restraining order ("TRO"). (Doc. 2). On April 2, 2026, the district judge converted the TRO motion to a motion for preliminary injunction and granted it. (Doc. 8). The Court concluded that Respondents

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

identified no factual or legal distinction from its prior decisions holding that a noncitizen who entered without inspection or admission and has resided in the United States for many years is likely to succeed on the claim that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 8 (*citing, e.g. Crispin M.C. v. Noem*, 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025)).

The Court ordered Respondents to release Petitioner immediately from DHS custody. (Doc. 8 at 2). It further ordered that, if the government sought to re-detain Petitioner, it must provide at least seven (7) days' notice and afford him a pre-deprivation bond hearing before a neutral decisionmaker under § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. (*Id*. at 2-3). The district judge referred the matter to undersigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the Petition. (*Id*. at 3).

On August 4, 2026, the Court directed the parties to state within five (5) days whether they wished to rely on the existing submission or submit supplemental merits briefing. (Doc. 11). On August 7, 2026, Respondents filed a one-paragraph response respectfully maintaining that Petitioner was detained under § 1225(b)(2)(A), while acknowledging the Ninth Circuit's recent holding in *Rodriguez Vasquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), that Petitioner's detention is governed by § 1226(a). (Doc. 12).

Having reviewed the record and applicable law, the undersigned adopts the reasoning of the Court's April 2, 2026 Order and concludes that Petitioner is not subject to mandatory detention under § 1225(b)(2)(A). Rather, his detention is governed by the discretionary framework of § 1226(a). This conclusion accords with analogous district court decisions and the Ninth Circuit's holding in *Rodriguez Vasquez*. *See* 2026 WL 2196424; *see also, Crispin M.C.*, 2026 WL 70553; *Lepe v. Andrews*, 801 F. Supp. 3d 1104.

Because Petitioner seeks release from unlawful civil detention, the Court recommends granting the § 2241 Petition and fashioning the writ to require either continued release on the existing conditions or constitutionally adequate pre-deprivation process, as provided in the permanent injunction.

Accordingly, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED, and the preliminary injunction entered on April 2, 2026 (Doc. 8) be converted into a permanent injunction implementing the writ and remain in effect; and,
2. The Clerk of Court be directed to CLOSE this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 13, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE