UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VICTOR LEMUS PAZOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER; CALEB VITELLO, Director of U.S. Immigration and Customs Enforcement; ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland Security; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE),<br><br>Respondents. | Case No.: 1:26-cv-02023-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Docs. 1, 13) |

Petitioner Jose Victor Lemus Pazos is a former immigration detainee proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 13, 2026, petitioner filed a motion for temporary restraining order ("TRO").

Doc. 2. On April 2, 2026, the district judge converted the TRO to a motion for preliminary injunction, granted the motion for preliminary injunction and ordered respondents to release immediately, and referred the matter to the assigned magistrate judge for further proceedings including the preparation of findings and recommendations on the petition. Doc. 8.

On August 14, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus (Doc. 1) for the same reasons the district court granted the preliminary injunction (Doc. 8), and to convert the preliminary injunction into a permanent injunction. Doc. 13. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id*. Respondents timely filed objections. Doc. 14.

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. Respondents argue that 8 U.S.C. § 1226(a)'s procedures have been found to facially satisfy due process and do not provide for a pre-deprivation hearing. Doc. 14. But respondents acknowledge that they purported to detain petitioner pursuant to 8 U.S.C. § 1225(b)(2). Doc. 12. This Court ordered immediate release because respondents took the position that petitioner is subject to mandatory detention under § 1225(b) and did not purport to justify petitioner's detention under § 1226(a). Doc. 8; *see also J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Cartagena Hueso v. Soto*, No. 26-1455 (ZNQ), 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026) (declining to *sua sponte* construe petitioner's detention as one arising under § 1226(a)). The appropriate remedy here was petitioner's immediate release. *See Perez Fuentes v. Warden, et al.*, No. 1:26-CV-05530 (EJD), 2026 WL 2548645 (E.D. Cal. Aug. 28, 2026).

Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on August 14, 2026 (Doc. 14) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

3. If the government seeks to re-detain petitioner Jose Victor Lemus Pazos (A-Number: 221-489-574), it shall hold a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

4. The Clerk of the Court is directed to terminate any pending motions/deadlines and CLOSE the case.

IT IS SO ORDERED.

Dated: September 6, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.